UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CORNELIUS JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:25-CV-1255 |
| | ) | |
| CITY OF EDMUNDSON, MISSOURI, | ) | **JURY TRIAL DEMANDED** |
| JAMES NERVIANI, *in his individual* | ) | |
| *capacity*, and JORDAN VENCE, *in his* | ) | |
| *individual capacity*, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S COMPLAINT

COMES NOW Plaintiff Cornelius Johnson (hereinafter "Plaintiff Johnson"), by and through his attorney, and for his Complaint against Defendant City of Edmundson, Missouri (hereinafter "Defendant Edmundson"), Defendant James Nerviani (hereinafter "Defendant Nerviani") and Defendant Jordan Vence (hereinafter "Defendant Vence") (collectively "the Defendants") and respectfully states to this Honorable Court the following:

1. This is a civil action arising under 42 U.S.C. § 1983 and common law avenues of recovery for deprivations of civil rights against the Defendants.

2. Plaintiff sues Defendant Nerviani in his individual capacity.

3. Plaintiff sues Defendant Vence in his individual capacity.

4. Plaintiff brings this suit for the injuries sustained as a result of the Constitutional violations as alleged herein.

5. Defendant Edmundson is a political subdivision of the State of Missouri and is a person for purposes of a 42 U.S.C. § 1983 action of damages.

6. The City of Edmundson Police Department is a division of Defendant Edmundson and under the direction and control of Defendant Edmundson; particularly the Chief of Police, David M. Ansell, or the Mayor of Defendant Edmundson, John Gwaltney, or both the Chief of Police David M. Ansell and Mayor John Gwaltney.

7. Defendant Nerviani, at all times relevant herein, was a City of Edmundson police sergeant working under the direction and control of Defendant Edmundson.

8. Defendant Vence, at all times relevant herein, was a City of Edmundson police officer working under the direction and control of Defendant Edmundson.

## JURISDICTION

9. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 as this case involves the issue of a federal question.

10. Jurisdiction is also proper pursuant to 28 U.S.C. § 1343(a)(3) as the district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

## VENUE

11. Venue is proper under 28 U.S.C. § 1391(b)(2) as the incident subject to this case occurred in the County of St. Louis, in this Eastern District of Missouri.

## COLOR OF STATE LAW

12. At all relevant times, Defendant Nerviani acted under color of state law.

13. Particularly, Defendant Nerviani acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri, and its political subdivisions.

14. At all relevant times, Defendant Vence acted under color of state law.

15. Particularly, Defendant Vence acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri, and its political subdivisions.

**Waiver of Sovereign Immunity – Defendant City of Edmundson, Missouri**

16. Upon information and belief, at all relevant times herein, Defendant Edmundson had purchased and had in effect a policy of insurance to insure itself against claims or causes of action for damages caused by city employees engaged in government functions, including torts as described herein.

17. The purchase of that insurance constitutes a waiver of sovereign immunity by Defendant Edmundson.[1]

## FACTUAL BACKGROUND

### A.     October 3, 2024 – Avis Car Rental Parking Lot

18. On the night of October 3, 2024, Plaintiff and his spouse, Sheron Johnson (hereinafter "Mrs. Johnson"), drove together to the Avis Car Rental at 10482 Natural Bridge Rd, St. Louis, MO 63034 (hereinafter "Avis").

19. Plaintiff drove his car to Avis while Mrs. Johnson road in the front passenger seat of Plaintiff's vehicle.

20. Plaintiff is a black male.

21. Plaintiff parked his vehicle on Avis's parking lot.

---

[1] RSMo. §§ 71.185 and 537.610.

3

22. Plaintiff and Mrs. Johnson went to Avis Rental Car with the purpose of renting a car for Mrs. Johnson.

23. After Plaintiff parked his car, Plaintiff and Mrs. Johnson exited the vehicle.

24. As Plaintiff and Mrs. Johnson were exiting the vehicle, they began to have a disagreement/argument.

25. Avis provides car rental services to the general public.

26. Avis invites the general public to park on Avis' parking lot and to view the vehicles available for rent on that same parking lot.

27. Avis invites the general public into their enclosed office to complete paperwork to apply for or rent a vehicle from Avis.

**B.     Arrival of Defendant Nerviani and Defendant Vence on October 3, 2024 – Avis Car Rental Lot**

28. Defendant Nerviani drove on Avis' Rental Lot in his own vehicle.

29. Defendant Nerviani is a white male a Sergeant with the Edmundson Police Department.

30. Defendant Vence drove on Avis' Rental Lot in his own vehicle.

31. Defendant Vence was a black male officer.

32. Both Defendant Nerviani and Defendant Vence dashcams recorded the events as described in this Complaint.

33. As Defendant Nerviani and Defendant Vence drove on Avis' Rental Lot an Avis security personnel ran from a distance right in Plaintiff's face as he was going to assault Plaintiff; this was caught on dashcam.

### B. Defendant Nerviani and Defendant Vence Exit Their Vehicles

34. After Defendant Nerviani and Defendant Vence exit their vehicles, they immediately approach Plaintiff.

35. Both Defendant Nerviani and Defendant were wearing Body Worn Camera's ("BWC") that captured the events as described in this Complaint.

36. Despite just standing in one place, Defendant Nerviani went behind Plaintiff without Plaintiff noticing and put handcuffs on Plaintiff.

37. Plaintiff was put in handcuffs and asked Defendant Nerviani, "What is I' being detained for?

### C. Excessive Force by Defendant Nerviani and Defendant Vence

38. Defendant Nerviani responded, "Because you are the loudest."

39. Defendant Nerviani then walked Plaintiff to Defendant Nerviani's car.

40. Defendant Nerviani had Plaintiff in handcuffs and a secure hold of Plaintiff.

41. On the way to Defendant Nerviani's car, Plaintiff asked Defendant Nerviani twice, "I'm being detained for what?"; Defendant Nerviani did not respond either time the questions were asked.

42. As Plaintiff and Defendant Nerviani continued to walk towards Defendant Nerviani car, Defendant Nerviani rushed Plaintiff towards and slammed Plaintiff up against Defendant Nerviani car and said, "Don't you get aggressive boy."

43. A white man calling a black man "boy" is a racial slur and no different than a white man calling a black man a "nigger".[2]

---

[2] *Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 126 S. Ct. 119, 163 L. Ed. 2d 1053 (2006).

44. As Defendant Nerviani was slamming Plaintiff on the hood of Defendant Nerviani's car, Plaintiff asked Defendant Nerviani the following quested repeatedly 6 times before Defendant Nerviani gave an answer:

   1. "Who you callin' a boy?"
   2. "Who you callin' a boy?"
   3. "Who you callin' a boy bitch?"
   4. "Who you callin' a boy?"
   5. "Who you callin' a boy?"
   6. "Who you callin' a boy?"

45. After the 6th repeat of the question in Paragraph 44, Defendant Nerviani said to Plaintiff: "You, motherfucker"

46. Plaintiff looked around, "hear that, hear that."

47. After Plaintiff's comments, "hear that, hear that", Defendant Nerviani repeated, "You motherfucker."

48. Plaintiff had not resisted during the entire occasion and while everyone was standing there, Defendant Nerviani had hand placed on Plaintiff's neck.

49. Because Plaintiff was in severe pain, Plaintiff then said to Defendant Nerviani, "Get your hand off my neck."

50. Defendant Nerviani refused to take his hand from Plaintiff's neck.

51. Plaintiff turned to Defendant Vence and said, "Can you tell [Defendant Nerviani] to get his hand off his neck."

52. Defendant Vence said to Defendant Nerviani, "Can you get your hand of his n—".

53. Defendant Nerviani did not listen to Defendant Vence and kept his hand on hand on Plaintiff's neck, applying pressure.

54. Defendant Nerviani refused to take his hand off Plaintiff's neck and waited a couple minutes before taking his hand off Plaintiff's neck.

### D. Defendant Vence's Failure to Inter the Excess Force Against Plaintiff by Defendant Nerviani

55. As Defendant Nerviani was slamming/pushing against the hood of his car, Defendant Vence came running up reaching Defendant Nerviani's care within seconds.

56. While the forced was used by Defendant Nerviani, Plaintiff was on the car in handcuffs.

57. After reaching the car, Defendant Vence grabbed a hold of Plaintiff, but did nothing to stop Defendant Nerviani from his actions against Plaintiff on the car.

58. After Defendant Nerviani stopped his physical actions against Plaintiff, Plaintiff stood up, still in handcuffs and not resisting, and facing Defendant Nerviani and Defendant Vence, while Defendant Nerviani had his hand putting painful pressure against Plaintiff's next.

59. Plaintiff turned to Defendant Vence and said, to Defendant Nerviani "Get [your] hand off his--."

60. Defendant Vence did nothing at all after he told Defendant Nerviani failed to remove his hand from Plaintiff's neck.

61. Defendant Nerviani refused to take his hand off Plaintiff's neck and waited a couple minutes before taking his hand off Plaintiff's neck.

COUNT I
VIOLATION OF CIVIL RIGHTS
42 U.S.C. § 1983 AND FOURTEENTH AMENDMENT AGAINST
DEFENDANT CITY OF EDMUNDSON
FOR COMPENSATORY DAMAGES AND ATTORNEY'S FEES

62.     Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

**Compensatory Damages**

**Failure to Train, Supervise, Control Defendant Nerviani**

63.     Defendant City of Edmundson failed to properly hire, train, supervise, control and/or discipline Defendant Nerviani in the use of force and in racial bias, which exacerbated the use of force towards Plaintiff by calling Plaintiff, "boy".

64.     Defendant City of Edmundson was thus deliberately indifferent to the rights of others in adopting its hiring and training practices, and in failing to supervise, control and/or discipline[3]

WHEREFORE, for the foregoing reasons, Plaintiff Cornelius Johnsons prays for judgment under 42 U.S.C. § 1983 and 1988 against City of Edmundson in its individual capacity for compensatory damages in a fair and reasonable amount, for and non-taxable expenses, for costs, and Plaintiff prays for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

**COUNT II – ILLEGAL SEIZURE/FALSE ARREST
VIOLATION OF CIVIL RIGHTS – EXCESSIVE FORCE**

<u>**42 U.S.C. § 1983 AND FOURTH AND FOURTEENTH AMENDMENTS
AGAINST DEFENDANT JAMES NERVIANI
FOR COMPENSATORY DAMAGES, PUNITIVE DAMAGES
AND ATTORNEY'S FEES**</u>

65.     Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

---

[3] *City of Canton, Ohio v. Harris*, 489 U.S. 378, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989).

8

66. The right to be free of arrest without probable cause is a constitutional right and was clearly established in 2019.[4]

67. In the totality of the circumstances Defendant Nerviani had no reasonably trustworthy information sufficient to warrant a prudent man to believe that Plaintiff had committed or was committing an offense.[5]

68. Defendant Nerviani lacked probable cause to arrest Plaintiff and even said so in the video when Plaintiff asked, "why am I being locked up?" and Defendant Nerviani responded, "because you're the loudest".

69. Defendant Nerviani lacked arguable probable cause to arrest Plaintiff.[6]

70. Due to the lack of probable cause and/or arguable probable cause, Defendant Nerviani had no lawful authority to arrest Plaintiff.

71. Defendant Nerviani's arrest of Plaintiff was therefore in violation of Plaintiff's rights to be free of unlawful arrest as protected by the Fourth Amendment to the United States Constitution.

72. The actions of Defendant Nerviani caused Plaintiff the following damages: Plaintiff's upper body requiring medical treatment, loss of civil rights, humiliation, embarrassment, indignity, disgrace, loss of liberty, stress, mistrust of the police and fear.

### Compensatory Damages

73. Under 42 U.S.C. § 1983, Plaintiff is entitled to an award of compensatory damages against Defendant Nerviani.

---

[4] Warren v. City of Lincoln, Neb., 864 F.2d 1436, 1440 (8th Cir. 1989); Hedges v. Poletis, 177 F.3d 1071, 1074 (8th Cir. 1999).
[5] Id.; *and see* Michigan v. DeFillipo, 443 U.S. 31 (1970).
[6] Baribeau v. City of Minneapolis, 596 F.3d 464 (8th Cir. 2010).

## Punitive Damages

74. Defendant Nerviani's actions were reckless.

75. Defendant Nerviani's showed callous indifference toward the rights of Plaintiff.

76. Defendant Nerviani's actions were taken in the face of a perceived risk that the actions would violate federal law.

77. Defendant Nerviani tried to incite aggressive action from Plaintiff by calling Plaintiff "boy".

78. Plaintiff is entitled to an award of punitive damages against Defendant Nerviani in order to punish him and to deter others.

## Attorney's Fees

79. Under 42 U.S.C. § 1988, if Plaintiff is a prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff Cornelius Johnson prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendant James Verviani in his individual capacity for compensatory damages in a fair a and reasonable amount for compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiff prays for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

## COUNT III
## VIOLATION OF CIVIL RIGHTS – EXCESSIVE FORCE

### 42 U.S.C. § 1983 AND FOURTH AND FOURTEENTH AMENDMENTS AGAINST DEFENDANT JAMES NERVIANI FOR COMPENSATORY DAMAGES, PUNITIVE DAMAGES AND ATTORNEY'S FEES

80. Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

81. The right to be free of arrest without probable cause is a constitutional right and was clearly established in 2019.[7]

82. At the time of the use of force by Defendant Nerviani, Plaintiff had not committed a serious crime.

83. At the time of the use of excessive force by Defendant Nerviani, Plaintiff presented no threat to the safety of the officers or others.

84. At the time of the use of excessive force by Defendant Hampton, Plaintiff was not actively resisting arrest.

85. At the time of the use of excessive force by Defendant Hampton, Plaintiff was not attempting to evade arrest by flight[8].

86. Defendant Nerviani used greater force than was necessary in light of the facts and circumstances confronting him[9].

87. This case is not in a "hazy border", but is unequivocal[10].

88. The actions of Defendant Nerviani violated Plaintiff's civil rights under the Fourth Amendment and under 42 U.S.C. § 1983, particularly including, her right to be safe from the use of excessive force.

---

[7] *Howard v. Kansas City Police Dept.*, 570 F.3d 984, 991 (8th Cir. 2009).
[8] *Kukla v. Hulm*, 310 F.3d 1046, 1050 (8th Cir. 2002).
[9] *Id*.
[10] *Saucier v. Katz*, 533 U.S. 194, 206 (2001).

### Compensatory Damages

89. Under 42 U.S.C. § 1983, Plaintiff is entitled to an award of compensatory damages against Defendant Nerviani, in his individual capacity.

### Punitive Damages

90. Defendant Nerviani's actions against Plaintiff were reckless.

91. Defendant Nerviani's actions against Plaintiff showed callous indifference toward the rights of Plaintiff.

92. Defendant Nerviani's actions against Plaintiff were taken in the face of a perceived risk that the actions would violate federal law.

93. Plaintiff is entitled to an award of punitive damages against Defendant Nerviani, in his individual capacity, in order to punish him and to deter others.

### Attorney's Fees

94. Under 42 U.S.C. § 1988, if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

95. Defendant Nerviani acted in a manner, which was objectively unreasonable.

96. Defendant Nerviani had to basis to slam Plaintiff on the hood of his and continually pushing and slamming Plaintiff on Defendant Nerviani's hood of his car.

97. Further, Defendant Nerviani had to basis to push his hand up against Plaintiff's neck, while Plaintiff was handcuffed and standing straight up at the front end of Nerviani's car, with Defendant Vence standing next to both Plaintiff and Defendant Nerviani.

WHEREFORE, Plaintiff Cornelius Johnson prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendant James Nerviani in his individual capacity for compensatory damages in a fair a and reasonable amount for compensatory damages in a fair and reasonable amount, for

punitive damages, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiff prays for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

### COUNT IV
### VIOLATION OF CIVIL RIGHTS – FAILURE TO INTERVENE

### 42 U.S.C. § 1983 AND FOURTH AND FOURTEENTH AMENDMENTS AGAINST DEFENDANT JORDAN VENCE FOR COMPENSATORY DAMAGES, PUNITIVE DAMAGES AND ATTORNEY'S FEES

98. Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

99. Defendant Vence failed to intervene when Defendant Nerviani was slamming Plaintiff against the hood of the car.

100. Not resisting, Plaintiff asked Defendant Vence if he could tell Defendant Nerviani to take his hand off Plaintiff's neck.

101. Defendant Vence asked Defendant Nerviani to take an hand off Plaintiff's neck and Defendant Nerviani ignored Defendant Vence.

102. Defendant Vence did nothing further[11]

**Compensatory Damages**

103. Under 42 U.S.C. § 1983, Plaintiff is entitled to an award of compensatory damages against Defendant Jordan Vence.

---

[11] *Mitchell v. Kirchmeier*, 28 F.4th 888 (8th Cir. 2022)

**Punitive Damages**

104. Defendant Vence's actions against Plaintiff were reckless.

105. Defendant Vence's actions against Plaintiff showed callous indifference toward the rights of Plaintiff.

106. Defendant Vence's actions against Plaintiff were taken in the face of a perceived risk that the actions would violate federal law.

107. Plaintiff is entitled to an award of punitive damages against Defendant Vence, in his individual capacity, in order to punish him and to deter others.

WHEREFORE, Plaintiff Cornelius Johnson prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendant Jordan Vence for compensatory damages in a fair and reasonable amount, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiff prays for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983

## COUNT V

**VIOLATION OF CIVIL RIGHTS
42 U.S.C. § 1983, *RESPONDEAT SUPERIOR* AGAINST
DEFENDANT CITY OF EDMUNDSON, MISSOURI
FOR COMPENSATORY DAMAGES AND ATTORNEY'S FEES**

108. Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

109. Plaintiff makes this claim based on the dissent of Justice Breyer in *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*.[12]

110. At all relevant times, Defendant Nerviani and Defendant Vence was serving as an employee of Defendant City of Edmunson Sergeant and officer.

---

[12] Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 416, 117 S. Ct. 1382, 1394, 137 L. Ed. 2d 626 (1997).

111. At all relevant times, Defendant Nerviani was engaging in a governmental function.

112. At all relevant times, Defendant Nerviani was acting within the course and scope of that employment.

113. At all relevant times, Defendant Vence was engaging in a governmental function.

114. At all relevant times, Defendant Vence was acting within the course and scope of that employment.

115. Defendant City of Edmundsonis liable under a theory of *respondeat superior* based on Justice Breyer's dissent in *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*.[13]

116. The actions of Defendant Nerviani and Defendant Vence caused Plaintiff to suffer the damages outlined herein.

117. Specifically, the actions of Defendant Nerviani and Defendant Vence caused Plaintiff the following damages: loss of civil rights, humiliation, embarrassment, indignity, disgrace, loss of liberty, stress, mistrust of the police and fear and medical injuries

### Compensatory Damages

118. Under 42 U.S.C. § 1983, Plaintiff is entitled to an award of compensatory damages against Defendant City of Edmundson

### Attorney's Fees

119. Under 42 U.S.C. § 1988, if Plaintiff is a prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendant City of Edmundson for compensatory damages in a fair and reasonable amount, for

---

[13] Id.

reasonable attorney's fees, and non-taxable expenses, for costs and such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

        Respectfully submitted,

        SCHOTTEL & ASSOCIATES, P.C.

BY: s/*James W. Schottel, Jr.*
        James W. Schottel, Jr.   #51285MO
        906 Olive St., PH
        St. Louis, MO 63101
        (314) 421-0350
        (314) 421-4060 facsimile
        jwsj@schotteljustice.com

        Attorney for Plaintiff
        Cornelius Johnson