**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| CORNELIUS JOHNSON,<br><br>*Plaintiff,*<br>v.<br><br>CITY OF EDMUNDSON, MISSOURI, JAMES NERVIANI in his individual capacity, and JORDAN VENCE in his individual capacity,<br><br>*Defendants.* | No. 4:25-cv-1255 SEP |

## MEMORANDUM AND ORDER

Before the Court is Defendant City of Edmundson's Motion to Dismiss Courts I and V of Plaintiff's Complaint. Doc. [6]. For the reasons set forth below, the motion is granted.

### FACTS & BACKGROUND[1]

On October 3, 2024, Plaintiff Cornelius Johnson and his spouse had a disagreement at Avis Rental Car. Doc. [1] ¶¶ 22, 24. Defendant Officer James Nerviani and Defendant Officer Jordan Vence arrived at Avis around the time Avis's security personnel responded to the disagreement. *Id.* ¶ 33. Nerviani and Vence exited their vehicles and approached Johnson. *Id.* ¶ 34. Nerviani placed handcuffs on Johnson. *Id.* ¶ 37. Johnson asked Nerviani why he was being placed in handcuffs; Nerviani responded, "Because you are the loudest." *Id.* ¶¶ 37–38. Johnson then asked Nerviani twice why he was in handcuffs and Nerviani did not respond. *Id.* ¶ 41. Nerviani slammed Johnson against Nerviani's car as they walked toward it. *Id.* ¶ 42. Nerviani told Johnson, "don't you get aggressive boy," as Johnson was up against the car. *Id.* Johnson did not resist during the entire interaction and "while everyone was standing there, Defendant Nerviani" placed his hand "on Plaintiff's neck." *Id.* ¶ 48. Johnson asked Nerviani to take his hand off Johnson's neck, and Nerviani refused. *Id.* ¶¶ 49–50. Johnson then asked Vence to tell Nerviani to take his hand off Johnson's neck. *Id.*

[1] Because Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court assumes that the factual allegations in the Complaint are true. *See Neitzke v. Williams*, 490 U.S. 319, 338 (1989).

¶ 51. Despite Vence telling him to stop, Nerviani refused to take his hand off Johnson's neck. *Id.* ¶ 53. Nerviani "waited a couple minutes before taking his hand off [Johnson's] neck. *Id.* ¶ 54.

On August 21, 2025, Johnson filed this suit asserting five causes of action against Defendants City of Edmundson, James Nerviani in his individual capacity, and Jordan Vence in his individual capacity:

> **Count I:** Violation of Civil Rights 42 U.S.C. § 1983 and Fourteenth Amendment Against Defendant City of Edmundson
>
> **Count II:** Illegal Seizure/False Arrest Violation of Civil Rights 42 U.S.C. § 1983, 4th and 14th Amendment Against Defendant James Nerviani
>
> **Count III:** Violation of Civil Rights – Excessive Force 42 U.S.C. § 1983, 4th, and 14th Amendments Against Defendant James Nerviani
>
> **Count IV:** Violation of Civil Rights – Failure to Intervene 42 U.S.C. § 1983, 4th, and 14th Amendment Against Defendant Jordan Vence
>
> **Count V:** Violation of Civil Rights – 42 U.S.C. § 1983, *Respondeat Superior* Against Defendant City of Edmundson

Defendant City of Edmundson moves to dismiss Counts I and V for failure to state a claim. Doc. [6]; *see* Fed. R. Civ. P. 12(b)(6).

## LEGAL STANDARD

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of a complaint. When considering such a motion, the Court assumes that the factual allegations in the complaint are true, *Neitzke v. Williams*, 490 U.S. 319, 338 (1989), and draws inferences in favor of the non-moving party, *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint "must allege more than '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *K.T. v. Culver-Stockton Coll.*, 865 F.3d 1054, 1057 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). It must "allege sufficient facts that, taken as true, 'state a claim to relief that is plausible on its face.'" *Id.*

## DISCUSSION

### I. **Plaintiff fails to state a *Monell* claim against the City.**

The City of Edmundson may be found liable under § 1983 for a constitutional violation perpetrated by one of its employees only "if the violation resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016)(cleaned up); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).

In Count I, Johnson claims that the City "failed to properly hire, train, supervise, control, and/or discipline Defendant Nerviani" and "was thus deliberately indifferent to the rights of others in adopting its hiring and training practices, and in failing to supervise, control, and/or discipline." Doc. [1] ¶¶ 63–64. The City argues that Count I must be dismissed because Johnson failed to allege any facts to support those claims. Doc. [6] ¶¶ 6, 8. The Court agrees.

Deliberate indifference "is a stringent standard of fault." *Bd of Cnty Com'rs v. Brown*, 520 U.S. 397, 410 (1997). To meet it, a plaintiff must prove that the city "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *Thelma D. v. Bd. of Educ. of City of St. Louis*, 934 F.2d 929, 934 (8th Cir. 1991); *see also Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201,1216 ("Notice is the touchstone of deliberate indifference in the context of § 1983 municipal liability."). A plaintiff can plead notice by alleging "a pattern of similar constitutional violations . . . ." *Connick v. Thompson*, 563 U.S. 51, 62 (2011).

Nowhere in Johnson's Complaint does he allege a pattern of similar constitutional violations by City employees. *See generally* Doc. [1]. Johnson's bare assertion that the City was "deliberately indifferent . . . in adopting its hiring and training practices, and in failing to supervise, control, and or discipline" is a legal conclusion, not a factual allegation. Doc. [1] ¶ 64. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Lacking such allegations, Count I fails.

## II. <u>Plaintiff fails to state a *respondeat superior* claim against the City.</u>

The City also moves to dismiss Count V because "a municipality cannot be held liable [under § 1983] on a *respondeat superior* theory.'" *Atkinson*, 709 F.3d at 1214 (quoting *Szabla v. City of Brooklyn Park*, 486 F.3d 385, 389 (8th Cir. 2013)). *See* Doc. [6] ¶ 10. Plaintiff appears to concede the point in his Opposition to Defendant's Motion to Dismiss. *See* Doc. [12] at 3. Per Federal Rule of Civil Procedure 12(b)(6), a claim that is unsupported by law must be dismissed. *Neitzke*, 490 U.S. at 327. Count V is therefore dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant City of Edmundson's Motion to Dismiss Counts I and V of Plaintiff's Complaint, Doc. [6], is **GRANTED.**

**A separate Order of Partial Dismissal will be entered this same date.**

Dated this 18th day of September, 2026.

Sarah E. Pitlyk

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE